IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

    Plaintiff,

v.

**MAURICE LEMONT JHONS,**

    Defendant.

1:18-cr-00265-MC-1

**OPINION AND ORDER**

**MCSHANE, Judge**:

Defendant Maurice Lemont Jhons moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Because the Defendant does not demonstrate extraordinary and compelling circumstances warranting compassionate release, Mr. Jhons' Motion to Reduce Sentence, ECF No. 80 is DENIED.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

(i)     extraordinary and compelling reasons warrant such a reduction; or

(ii)    the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

1 – OPINION AND ORDER

>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

For now, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (per curiam). Yet while U.S.S.G. § 1B1.13 is not binding, "[t]he Sentencing Commissions statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for [compassionate release] motions filed by a defendant." *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).

Section 1B1.13. offers guidance for sentence reductions related to medical ailments. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court also considers whether the defendant is still a danger to the community by consulting the factors listed in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

## DISCUSSION

The Court originally sentenced Mr. Johns to 135 months of incarceration for possession with the intent to distribute 500 or more grams of methamphetamine and one or more kilograms of heroin. Gov.'s Resp. 1-2, ECF No. 83; J. 1-2, ECF No. 76. Mr. Johns is currently housed at FCI Sheridan where he has served less than three years of his sentence and has a projected release date of May 21, 2028. *Id.* at 2. In the pending Motion, Mr. Jhons argues that he is suitable for

compassionate release because (1) he suffers from "health conditions that render him vulnerable to COVID-19" and (2) because of the harsh "conditions of pandemic incarceration" at FCI Sheridan. Def.'s Mot. Reduce Sent. 2.

The primary criterion for granting compassionate release is the existence of an extraordinary and compelling reason; Mr. Jhons has not met this burden. In most cases, general health risks associated with COVID-19 in prisons are not extraordinary and compelling reasons. *E.g. United States v. Rennie*, No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021) (citing Ninth Circuit cases holding the same). Mr. Johns contends that he is placed at an increased risk from COVID-19 because of his race, his level of inactivity while being incarcerated, and because he suffers from obesity and hypertension. Def.'s Mot. Reduce Sent. 7. The Court acknowledges that hypertension and obesity are risk factors that may cause increased illness from COVID-19. *People with Certain Medical Conditions,* CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated September 22, 2022). However, Mr. Johns is 29 years old[1] and has received two doses of the COVID-19 Moderna vaccine. Gov.'s Resp. to Def.'s Mot. 4-5, ECF No. 83; Def.'s Mot. Reduce Sent. Ex. 1 at 35. A majority of district courts across the nation have held that even the first round of vaccination significantly reduces the risk that one will contract COVID-19 or become severely ill due to the virus. *United States v. Smith*, 538 F. Supp. 3d 990, 999 (E.D. Cal. 2021). In light of Mr. Jhons' young age and vaccinated status, his current medical

---

[1] The CDC has advised that older adults over the age of 65 face the greatest risk of severe symptoms from COVID-19. CENTER FOR DISEASE CONTROL AND PREVENTION ("More than 81% of COVID-19 deaths occur in people over age 65. The number of deaths among people over age 65 is 97 times higher than the number of deaths among people ages 18-29 years.").

conditions do not present the type of extraordinary and compelling circumstances that warrant compassionate release.

Mr. Johns also argues that the "harshness of pandemic incarceration" at FCI Sheridan compels his release. Def.'s Mot. Reduce Sent. 13. The Court disagrees. Mr. Johns has failed to show how the conditions at FCI Sheridan make his situation uniquely extraordinary or compelling compared to the other prisoners. "Every prisoner in . . . BOP facilities is subject to the similar conditions brought about by the COVID-19 pandemic." *United States v. Lischewski*, No. 18-cr-00203-EMC-1, 2020 WL 6562311, at *2 (N.D. Cal. Nov.9, 2020) (explaining that defendant failed to explain why he should be given "special or unique treatment."). While the Court is sympathetic to the fact that the pandemic has created a remarkably different sentence than that contemplated by the Court at the time it was imposed, compassionate release is not the mechanism for ameliorating that fact.

Even if the Court were to find extraordinary and compelling circumstances, it would still deny Mr. Johns' motion based on the section 3553(a) factors. Mr. Jhons has an extensive history of probation violations that include fleeing from the police, possessing prohibited weapons, and committing the crimes for which he is presently incarcerated. Gov.'s Resp. to Def.'s Mot. 9-11. Given his prior history, the Court is not convinced that Mr. Johns would respect the terms of supervision if he were released early. The Court already sentenced Mr. Johns below the proposed Guideline range.[2] Reducing his sentence further would negate the seriousness of the offense, put the community in danger, and frustrate the sentencing purpose of deterring Mr. Jhons from future criminal activity.

---

[2] Mr. Jhons' post-plea Guideline sentencing range was 168-210 months. Gov.'s Resp. to Def.'s Mot. 2. The Court sentenced him to 135 months' imprisonment and 5 years of supervised release. J. 1-2, ECF No. 76.

4 – OPINION AND ORDER

## **CONCLUSION**

For these reasons, Mr. Jhons' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 80, is DENIED.

IT IS SO ORDERED.

DATED this 11th day of October, 2022.

                                          _s/Michael J. McShane_____
                                          Michael J. McShane
                                          United States District Judge